UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:12-CV-102 JD |
| | ) |
| NORFOLK SOUTHERN RAILWAY COMPANY, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This case arises from injuries sustained by Plaintiff James Johnson while working for Defendant Norfolk Southern Railway Company ("Norfolk Southern") at the Elkhart Yard rail facility in Elkhart County, Indiana. Mr. Johnson alleges that Norfolk Southern is liable for his injuries under the Federal Employers Liability Act ("FELA"), 45 U.S.C. §§ 51–60. Now before the Court is Norfolk Southern's Verified Motion to Strike Untimely Expert Disclosures and Report. [DE 25.] Mr. Johnson filed no response to the motion and it is now ripe for decision. For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion to Strike [DE 25] and orders stricken the expert disclosure and expert report of J.P. Purswell.

### I. Factual Background

Mr. Johnson filed a complaint against Norfolk Southern on February 24, 2012. [DE 1.] In short, Mr. Johnson alleges that he slipped on unstable ballast while working for Norfolk Southern, causing a severe injury to his ankle.[1] [DE 1 at ¶¶ 5, 8.] After Norfolk Southern answered the complaint [DE 5], the parties conferred as required by Federal Rule of Civil

---

[1] In this situation, ballast refers to the crushed rock typically used as a bed on which railroad ties are laid.

Procedure 26(f) and developed a proposed discovery plan [DE 11]. That discovery plan was adopted by the Court on April 11, 2012. [DE 12.] Consistent with the parties' discovery plan, the Court established the following relevant deadlines: "The serving of reports from retained experts under Rule 26(a)(2) are due from plaintiff(s) by **September 28, 2012**" and "The last date for the completion of all discovery is **December 28, 2012**." [DE 12 at 1 (emphasis in original).]

On January 3, 2013, a brightline order was entered, terminating the referral to Magistrate Judge Nuechterlein. [DE 15.] Norfolk Southern then filed a motion to dismiss for lack of prosecution, claiming that Mr. Johnson had wholly failed to engage in discovery. [DE 16.] In response, Mr. Johnson filed a motion to reopen discovery for 120 days. [DE 17.] The Court granted the motion to reopen discovery, re-referred all non-dispositive matters to Magistrate Judge Nuechterlein, and afforded the parties until May 31, 2013, to complete discovery. [DE 18.] When the Court reopened discovery, Mr. Johnson did not explicitly request and the Court did not explicitly grant any extension of the Rule 26(a)(2) disclosure deadline contained in the parties' original discovery plan. After the Court extended discovery, Norfolk Southern withdrew its motion to dismiss for lack of prosecution [DE 19] and Mr. Johnson did engage in certain discovery, including his own deposition [DE 25 at 2].

On the afternoon of May 31, 2013—the day on which discovery was to close—Mr. Johnson served on Norfolk Southern a document labeled Plaintiff's Rule 26(a)(2)(C) Disclosures. [DE 25-1.] The disclosures included five purported expert witnesses. Four of the witnesses are medical professionals who treated Mr. Johnson following his injury (referred to collectively as the "Medical Experts"); the fifth witness is a retained expert, J.P. Purswell, with a disclosed opinion regarding Norfolk Southern's liability for Mr. Johnson's injuries due to the

condition of the Elkhart Yard. A report of Mr. Purswell's opinion was also produced on May 31. [DE 25-2.]

Norfolk Southern filed a motion to strike the expert disclosures as untimely on June 26, 2013. [DE 25.] Mr. Johnson has not responded to the motion, which is ripe for decision.

## II. Discussion

The disclosure of expert witnesses is governed by Rule 26 of the Federal Rules of Civil Procedure. The rule requires that all experts be disclosed. Rule 26(a)(2)(A). The rule also states the subject matters that must be contained within the disclosure, Rule 26(a)(2)(B)–(C), and the time for such disclosures, Rule 26(a)(2)(D). The general rule of timing is that any initial disclosure must be made "at least 90 days before the date set for trial or for the case to be ready for trial." Fed. R. Civ. P. 26(a)(2)(D)(i). However, that default time can be altered by "a stipulation or a court order." Fed. R. Civ. P. 26(a)(2)(D).

In this case, the parties agreed during their Rule 26(f) conference that "the filing of reports from retained experts under Rule 26(a)(2)" would be due from Mr. Johnson by September 28, 2012. [DE 11 at 3.] That agreement was adopted and made an order of the Court on April 11, 2012. [DE 12.] Indeed, the scheduling order explicitly states "[t]he serving of reports from retained experts under Rule 26(a)(2) are due from plaintiff(s) by **September 28, 2012**." [*Id.* at 1 (emphasis in original).]

Under Rule 37, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The sanction of exclusion is thus automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or

3

harmless." *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996). In making the determination whether a particular violation of Rule 26(a) is justified or harmless, the district court should consider "the surprise or prejudice to the blameless party, the ability of the offender to cure any resulting prejudice, the amount of disruption to the trial that would result from permitting the use of the evidence, and the bad faith involved in not producing the evidence at an earlier date." *Spearman Indus., Inc. v. St. Paul Fire & Marine Ins. Co.*, 138 F. Supp. 2d 1088, 1094 (N.D. Ill. 2001) (citing *Bronk v. Ineichen*, 54 F.3d 425, 432 (7th Cir. 1995)).

Due to the potential differences between the disclosures of Mr. Purswell and the Medical Experts, the Court addresses each separately in turn.

**A.     Disclosure and Report of Mr. Purswell**

Mr. Johnson's disclosure of Mr. Purswell makes clear that Mr. Purswell is a retained expert in this matter. [DE 25-1 at 4 ("Mr. Purswell will testify at trial in this matter as a retained expert opinion witness").] Accordingly, by agreement of the parties and by order of the Court, his opinion and report was to have been disclosed no later than September 28, 2012. While the Court did extend discovery at the request of Mr. Johnson, it did not extend the deadline for disclosure of retained experts.[2]

The disclosure of Mr. Purswell was therefore untimely and Mr. Purswell's opinions must be excluded, unless Mr. Johnson can show that the failure to disclose was either justified or harmless. As Mr. Johnson did not respond to the motion to strike, the Court must presume that he has no justification for the untimely disclosure or any good faith argument that the late disclosure was harmless.

---

[2] Even if Mr. Johnson believed in error that the Court had extended the time for expert disclosures, the earlier discovery order made clear that retained experts were to be disclosed at least three months before the close of discovery. [DE 12 at 1.] Here, Mr. Johnson disclosed Mr. Purswell on the afternoon of the last day of the extended discovery period. [DE 25 at 2.]

4

The Court has considered the issue itself and cannot determine that the late disclosure was justified or harmless. The surprise or prejudice to Norfolk Southern of learning of a retained expert witness within hours of the close of discovery is substantial. The prejudice could only be cured through re-opening discovery for a second time, for which no good cause has been shown. Further, while the Court is hesitant to infer bad faith on the part of Mr. Johnson's counsel, this last minute disclosure is unfortunately consistent with their failure to engage in discovery earlier in this case.

Based on this record, the Court does not find that the untimely disclosure of Mr. Purswell was either justified or harmless. Accordingly, the Court will strike the expert disclosure and report of J.P. Purswell under Rule 37(c)(1).

**B.     Disclosure of Medical Experts**

In addition to Mr. Purswell, Mr. Johnson's May 31 disclosures included four purported Medical Experts: Dr. Craig Erekson, Rocco Sarli, Dawn Webbe, and Dr. William Buckley. Unlike Mr. Purswell, these purported experts do not appear to have been specially retained for this litigation. Rather, they appear to have treated Mr. Johnson following the injuries he sustained, allegedly as a result of his work with Norfolk Southern. [DE 25-1 at 1–4.]

It is not clear to the Court whether the Medical Expert disclosures were untimely. The September 28, 2012, expert disclosure deadline contained in the discovery order was explicitly limited to "retained experts." [DE 12 at 1.] Because the Medical Experts do not appear to be "retained experts," that deadline is not controlling. Instead, the Court looks to the default deadlines under Rule 26 and the Court's other discovery orders. [DE 18.]

Absent a stipulation or court order, an expert disclosure must be made "at least 90 days before the date set for trial or for the case to be ready for trial." Fed. R. Civ. P. 26(a)(2)(D). As

noted above, there was no explicit deadline in the discovery order for the parties to disclose non-retained expert witnesses. However, when the Court extended discovery at the request of Mr. Johnson, it only gave the parties until "Friday, May 31, 2013 to *complete* discovery." [DE 18 at 1 (emphasis added).]

The Court cannot determine on the current record whether the disclosure of the Medical Experts on May 31, 2013, was sufficient to allow the parties to complete discovery in the time allotted by the Court. Because the Medical Experts were both potential fact and expert witnesses, it is possible that Mr. Johnson had previously disclosed the existence of the Medical Experts under Rule 26(a)(1) or that Norfolk Southern had been provided notice of their testimony and likely opinions through some other mechanism during the course of discovery.

In light of this uncertain record and the potential harm to Mr. Johnson if the Medical Experts were stricken, the Court declines to strike the disclosures of the Medical Experts at this time. This decision is without prejudice and Norfolk Southern may renew its motion with a record that more fully establishes whether the Medical Experts were known to Norfolk Southern prior to their disclosure on May 31, 2013.

### III.  Conclusion

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** Norfolk Southern's Verified Motion to Strike Untimely Expert Disclosures and Report. [DE 25.] The Court **STRIKES** the expert disclosure and report of J.P. Purswell due to its untimely disclosure, but declines to strike the disclosures of the four Medical Experts.

SO ORDERED.

Entered: February 20, 2014

                                        /s/ JON E. DEGUILIO
                                        Judge
                                        United States District Court