UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES JOHNSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:12-CV-102-JD |
| ) | |
| NORFOLK SOUTHERN RAILWAY ) | |
| COMPANY a/k/a NORFOLK SOUTHERN ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This case arises from injuries sustained by Plaintiff James Johnson while working for Defendant Norfolk Southern Railway Company ("Norfolk Southern") at the Elkhart Yard rail facility in Elkhart County, Indiana. Mr. Johnson alleges that Norfolk Southern is liable for his injuries under the Federal Employers Liability Act, 45 U.S.C. §§ 51–60. Now before the Court is Norfolk Southern's Motion to Exclude Expert Opinions of Plaintiff's Medical Providers ("Motion to Exclude") [DE 53.] Mr. Johnson filed a response to Norfolk Southern's motion on February 2, 2015 [DE 59], to which Norfolk Southern replied [DE 60.] For the reasons stated below, the Motion to Exclude is **GRANTED** on the grounds that the parties have essentially stipulated to the allowable testimony of the four witnesses presently at issue.

### I. Factual Background

Mr. Johnson filed a complaint against Norfolk Southern on February 24, 2012 [DE 1.] In short, Mr. Johnson alleges that he slipped on an unstable ballast while working for Norfolk

1

Southern, causing a severe injury to his ankle[1] [DE 1 at ¶¶ 5, 8.]  After Norfolk Southern answered the complaint [DE 5], the parties conferred as required by Federal Rule of Civil Procedure 26(f) and developed a proposed discovery plan [DE 11.]  The Court adopted that discovery plan on April 11, 2012 [DE 12.]  Consistent with the parties' discovery plan, the Court established the following deadlines: "The serving of reports from retained experts under Rule 26(a)(2) are due from plaintiff(s) by September 28, 2012" and "The last date for the completion of all discovery is December 28, 2012."  [DE 12 at 1 (emphasis in original).]

On January 3, 2013, a bright line order was entered, terminating the referral to Magistrate Judge Nuechterlein since discovery had closed [DE 15.]  Norfolk Southern then filed a motion to dismiss for lack of prosecution, claiming that Mr. Johnson had wholly failed to engage in discovery [DE 16.]  In response, Mr. Johnson filed a motion to reopen discovery for 120 days [DE 17.]  The Court granted the motion to reopen discovery, re-referred all non-dispositive matters to Magistrate Judge Nuechterlein, and afforded the parties until May 31, 2013, to complete discovery [DE 18.]  When the Court reopened discovery, Mr. Johnson did not explicitly request and the Court did not explicitly grant any extension for the disclosure of experts.  After the Court extended discovery, Norfolk Southern withdrew its motion to dismiss for lack of prosecution [DE 19] and Mr. Johnson did engage in certain discovery [DE 25 at 2.]

On the afternoon of May 31, 2013—the day on which discovery was to re-close—Mr. Johnson's attorney, Mr. Milo Lundblad, served Norfolk Southern with a document labeled PLAINTIFF'S RULE 26(a)(2)(C) DISCLOSURES [DE 25-1.]  The disclosures included five purported expert witnesses.  Four of those witnesses are medical professionals who treated Mr.

---

[1] In this situation, ballast refers to the crushed rock typically used as a bed on which railroad ties are laid.

2

Johnson following his injury, Dr. Craig Erekson, Rocco Sarli, Dawn Webbe, and Dr. William Buckley (referred to collectively as the "Treating Medical Witnesses")[2]; the fifth witness is a retained expert, J.P. Purswell, who intended to provide an opinion regarding Norfolk Southern's liability for Mr. Johnson's injuries as caused by the condition of the Elkhart Yard. Also on May 31, Mr. Johnson produced a report of Mr. Purswell's opinion to the defense [DE 25-2.] Upon motion by the defense, the Court struck the expert disclosure and report of retained expert Mr. Purswell due to its untimely disclosure, but declined to strike the disclosures of the four Treating Medical Witnesses because the record failed to establish whether these witnesses were previously disclosed to Norfolk Southern so as to permit the parties sufficient time to complete discovery in the time allotted by the Court [DE 42 at 6.] Because the decision with respect to the Treating Medical Witnesses was without prejudice, Norfolk Southern renewed its request by filing the present Motion to Exclude the opinions of Mr. Johnson's non-retained Treating Medical Witnesses.

## II. Discussion

The disclosure of expert witnesses is governed by Rule 26 of the Federal Rules of Civil Procedure. Pursuant to Rule 26(a)(2)(B), retained expert witnesses must provide a written report containing:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

---

[2] According to the plaintiff, Dr. Erekson treated Mr. Johnson's injury by inserting screws and a plate into his right ankle, while Mr. Johnson saw Rocco Sarli and Dawn Webbe for physical therapy following the injury. In addition, Mr. Johnson's primary care physician, Dr. Buckley, monitored Mr. Johnson's condition after the injury [DE 59 at 2.]

3

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
(vi) a statement of the compensation to be paid for the study and testimony in the case.

However, pursuant to Rule 26(a)(2)(C), if the expert witness is *not* required to give a written report, they must provide instead a disclosure stating:

(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
(ii) a summary of the facts and opinions to which the witness is expected to testify.

The Advisory Committee Notes to the 2010 amendment adding section (a)(2)(C) specifically included "physicians and other health care professionals" as examples of individuals that may testify both as fact and expert witnesses without providing a written report pursuant to section (a)(2)(B). The Advisory Committee states in the Notes that the simpler disclosure requirement of section (a)(2)(C) does away with undue detail from those treating physicians not specially retained for litigation.

In its motion, Norfolk Southern claims that Mr. Johnson has wholly failed to properly disclose his Treating Medical Witnesses as either retained experts (thereby requiring a full disclosure report under Rule 26(a)(2)(B)), or as other experts expected to provide evidence under Rule 702 (thereby requiring a summary report under Rule 26(a)(2)(C)). Norfolk Southern argues that the sanction for the failure to disclose experts in compliance with Rule 26(a)(2) is the exclusion of the Treating Medical Witnesses' testimony under Rule 37(c)(1) [DE 53.]

In response to Norfolk Southern's motion, Mr. Lundblad shifts course by claiming that Mr. Johnson's Treating Medical Witnesses (although explicitly called Rule 26(a)(2)(C) experts in the May 31 disclosures [DE 25-1]), will now only testify as fact witnesses—stating only their personal observations, examinations, and treatment which are contained in their medical records

and stem from their course of treatment of Mr. Johnson [DE 59.] Mr. Lundblad does not attempt to argue that his disclosures of the Treating Medical Witnesses were proper such that they should be entitled to provide any kind of expert evidence under Rules 702, 703, or 705.

In reply, Norfolk Southern acknowledges that they have no objection to allowing the Treating Medical Witnesses to testify at trial in order to describe their observations during treatment; however, defendant would ask that any testimony going beyond such observations be excluded for non-compliance with Rule 26(a)(2).

Given Mr. Lundblad's concession that the four Treating Medical Witnesses are only fact witnesses and his lack of any attempt to defend the contents of his May 31 Rule 26(a)(2)(C) disclosures so that the Treating Medical Witnesses might testify as experts, the Court finds that an order limiting these witnesses from providing any Rule 702 testimony is proper. Treating physicians, if disclosed as fact witnesses, may testify only regarding personal observations, examinations, and diagnoses completed during the course of treatment and contained within the relevant medical records. *See Moriconi v. Koester*, No. 11-cv-3022, 2015 WL 328590, at *1 (C.D. Ill. Jan. 26, 2015) ("The properly disclosed treating physicians may testify as fact witnesses concerning examination, diagnosis, and treatment . . . but may not present expert testimony."). The "duty to disclose a witness as *an expert* is *not excused* when a witness who will testify as a fact witness and as an expert witness is disclosed as a fact witness." *Tribble v. Evangelides*, 670 F.3d 753, 759 (7th Cir. 2012) (citing *Musser v. Gentiva Health Serv's*, 356 F.3d 751, 757 (7th Cir. 2004) (emphasis in the original)). Therefore, the Treating Medical Witnesses may testify as fact witnesses concerning their personal observation, examination, diagnosis, and treatment of Mr. Johnson, but Mr. Lundblad may not solicit information from these witnesses which would go beyond their individual observations made during their personal

treatment of Mr. Johnson and would amount to expert opinions as defined in Federal Rule of Evidence 702. *See e.g.*, *Johnson v. Target Corp.*, 487 Fed.Appx. 298, 301 (7th Cir. 2012) (district court properly limited treating physician to factual testimony because plaintiff did not disclose treating physician as an expert).

### III. Conclusion

Accordingly, Norfolk Southern's Motion to Exclude is **GRANTED** and the Court will not impose Rule 37 sanctions at this time because the parties are essentially in agreement as to the fact that the Treating Medical Witnesses are not to provide evidence at trial under Federal Rules of Evidence 702, 703, or 705, rather they shall serve only as fact witnesses.

SO ORDERED.

ENTERED: June 15, 2015

                                        /s/ JON E. DEGUILIO
                                        Judge
                                        United States District Court